865 F.2d 260
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ervin B. PACK, Plaintiff-Appellee,
v.
Fred NEWSOME; James A. Duff; Ray Campbell; Dr. Mary A.
Hall; Dr. James D. Adams, individually, and in their
official capacities respectively as members of the Board of
Education of Floyd County, Kentucky; Pete Grigsby, Jr.,
individually, and as Superintendent of the Floyd County
Schools; Floyd County Board of Education of Floyd County,
Kentucky, a corporate entity, Defendants-Appellants.
 No. 88-5246.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1988.
 
 Before KEITH, KENNEDY and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendants-appellants appeal from an order of the district court denying their motion to dismiss on the basis of qualified immunity.
 
 
 2
 Plaintiff-appellee Ervin Pack filed this action on June 18, 1986, pursuant to 42 U.S.C. section 1983, against the Board of Education of Floyd County, Kentucky; Fred Newsome; James A. Duff; Ray Campbell; Dr. Mary A. Hall; and Dr. James D. Adams, individually, and in their capacities as members of the Board of Education of Floyd County, Kentucky; and Pete Grigsby, Jr., individually, and as Superintendent of the Floyd County Schools. Pack, a tenured teacher in the Floyd County school system, contends that his contract was terminated without adequate notice as required by the Fifth and Fourteenth Amendments of the United States Constitution.
 
 
 3
 On July 10, 1986, the defendants, in their individual capacities, filed a motion to dismiss on the basis of qualified immunity. In a Memorandum Opinion and Order entered on January 26, 1988, the district court overruled the motion to dismiss. A notice of appeal from the district court's denial of qualified immunity was filed on February 24, 1988.
 
 
 4
 The sole issue before this court on appeal is whether the district court erred in denying the defendants' motion to dismiss, in their individual capacities, on the basis of qualified immunity. Upon our review of the pleadings, we cannot hold that Pack was provided adequate notice or that he was sufficiently notified of the Board's charges as required by due process. This is an issue which must be determined by the district court pursuant to the proof presented by the parties. Accordingly, the district court's ruling on the motion to dismiss the defendants in their individual capacities under qualified immunity is AFFIRMED.